**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL JONES, | : | |
| | | Civil Action No. 05-0067 (RBK) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| THE UNITED STATES PAROLE COMMISSION, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

| Petitioner pro se | Counsel for Respondents |
|---|---|
| Michael Jones | Paul A. Blaine |
| #04410-007 | Asst. U.S. Attorney |
| F.C.I. Fairton | 401 Market Street |
| P.O. Box 420 | 4th Floor |
| Fairton, NJ 08320 | Camden, NJ 08101 |

**KUGLER**, District Judge

   Petitioner Michael Jones, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are the United States Parole Commission and Warden Jonathan C. Miner.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND[2]

On January 12, 2001, Petitioner was sentenced in the Superior Court of the District of Columbia to a term of imprisonment of 24 months.  He began service of this sentence on August 7, 2001.  The United States Parole Commission (the "Parole Commission") paroled him on September 27, 2002, to remain under parole supervision until August 6, 2003.

On May 13, 2003, while Petitioner was under parole supervision, the Parole Commission issued a parole violator warrant charging Petitioner with violating the conditions of supervision for use of dangerous and habit forming drugs and for possession with intent to distribute cocaine (crack).  The accompanying Memorandum, containing warrant execution instructions, to the U.S. Marshal for the District of Columbia provided, in pertinent part,

> If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant.  Place a detainer and notify the Commission.  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.  If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer.  The arresting officer shall promptly notify the Commission of this action.

---

[2] The material facts are undisputed.

The U.S. Marshal's Service executed the warrant on May 28, 2003, at the District of Columbia jail where Petitioner was then confined.  The next day, the U.S. Marshal's Service informed the Parole Commission that the warrant had been executed.  The Parole Commission conducted a probable cause hearing on May 30, 2003.

Thereafter, on June 19, 2003, the Parole Commission learned that, at the time the warrant was executed, Petitioner was being held in the District of Columbia jail on pending narcotics charges.  Thus, the parole violator warrant was executed contrary to the Parole Commission's instructions that it not be executed if Petitioner was in custody on another warrant.

Also on June 19, 2003, the Parole Commission supplemented the parole violator warrant with an additional charge of distribution of cocaine (crack) and possession with intent to distribute cocaine (crack).

On June 25, 2003, the Parole Commission issued a notice of action to Petitioner, which ordered:

> Release from custody of warrant dated 05/13/2003 and follow the original instructions, "If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant.  Place a detainer and notify the Commission."  Therefore, place the warrant as a detainer.
>
> <u>Reasons</u>:  The parole violation warrant was executed in error as you are currently being held on a pending charge (F2922-03) with a $2,000 bond.

On October 1, 2003, Petitioner was sentenced by the Superior Court of the District of Columbia to a 30-month term of

3

imprisonment for attempted possession with intent to distribute cocaine, to be followed by five years of supervised release. On October 28, 2003, the Parole Commission again supplemented its warrant to reflect the new conviction.

Petitioner presently is in custody pursuant to the District of Columbia conviction. He is scheduled to be released on July 22, 2005. The Parole Commission has not yet conducted a parole revocation hearing pursuant to the parole violator warrant that is now lodged as a detainer against Petitioner.

Petitioner filed this Petition under § 2241, alleging that the execution of the parole violator warrant on May 28, 2003, triggered his right to a timely revocation hearing, in accordance with Parole Commission regulations. He contends that the purported June 25, 2003, notice of action releasing him from custody under the warrant and placing it, instead, as a detainer, violates both the applicable regulations and due process.

Respondents have answered, and Petitioner has filed a Traverse, making this matter ripe for determination.

## II.  ANALYSIS

It is well established that the erroneous execution of a parole violator warrant contrary to the instructions of the Parole Commission is invalid: such a warrant can be withdrawn, placed as a detainer, and executed again at a later date. See, e.g., Barnard v. Henman, 89 F.3d 373 (7th Cir. 1996); Chandler v.

4

Barncastle, 919 F.2d 23 (5th Cir. 1990); McConnell v. Martin, 896 F.,2d 441 (10th Cir.), cert. denied, 498 U.S. 861 (1990); United States v. Cox, 475 F.2d 836 (9th Cir. 1973).  See also, Curtis v. United States, 123 Fed.Appx. 179, 2005 WL 89057 (6th Cir. March 29, 2005) (unpubl.).  Petitioner has not cited, and this Court has not located, any case to the contrary.  This Court finds persuasive the reasoning of the Courts that have addressed the issue.  Thus, the execution of the warrant was invalid, the duty to hold a revocation hearing was never triggered, and Petitioner has not been deprived of due process.

In support of his position, Petitioner cites 28 C.F.R. § 2.99, which provides in pertinent part:

> If any other warrant for the arrest of the parolee has been executed or is outstanding at the time the Commission's warrant is executed, the arresting officer may, within 72 hours of executing the Commission's warrant, release the parolee to such other warrant and lodge the Commission's warrant as a detainer, voiding the execution thereof, if such action is consistent with the instructions of the Commission.  In other cases, a parolee may be released from an executed warrant whenever the Commission finds such action necessary to serve the ends of justice.

28 U.S.C. § 2.99(d).

That § 2.99(d) authorizes a law enforcement officer promptly and unilaterally to correct a mistake in executing a parole violator warrant does not mean that the law enforcement officer's failure to discover and correct such a mistake validates a

5

warrant executed contrary to the express instructions of the Parole Commission.  Petitioner is not entitled to relief.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


                                          S/Robert B. Kugler
                                          Robert B. Kugler
                                          United States District Judge

Dated:   June 30, 2005